# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

HEIDI PETERSEN,

        Plaintiff,

v.                              Case No:   6:24-cv-01596-CEM-LHP

ROWAN-SALISBURY SCHOOL
SYSTEM,

        Defendant.

---

## REPORT AND RECOMMENDATION

**TO THE UNITED STATES DISTRICT COURT:**

    This cause comes before the Court on Plaintiff's Request for Case Dismissal and Request for Refund for Court Fees. Doc. No. 20. In the Request, Plaintiff asks that the Court "please dismiss this case," and that she "receive a refund for the processing fees [she has] paid with the court." *Id.* The Request has been referred to the undersigned.[1]

    Upon review, the filing is in essence a voluntary dismissal by Plaintiff, which is self-executing given that Defendant has neither answered the complaint nor

---

[1] Defendant has not filed a timely response to the Request, and the undersigned deems the Request unopposed. *See* Local Rule 3.01(c).

moved for summary judgment.  *See* Fed. R. Civ. P. 41(a)(1)(A)(i); *Matthews v. Gaither*, 902 F.2d 877, 880 (11th Cir. 1990) (per curiam).  Accordingly, the undersigned will recommend that based thereon, the Court dismiss the case without prejudice.  *See id.*; *see also Talbert v. Cap. One, N.A.*, No. 5:24-cv-396-MMH-PRL, 2024 WL 3932530, at *1 (M.D. Fla. Aug. 7, 2024) (construing *pro se* plaintiff motion to dismiss as a voluntary dismissal under Rule 41(a)(1)(A)(i) absent an answer or motion for summary judgment by defendant).

To the extent that Plaintiff requests a refund of the filing fee, however, the undersigned will respectfully recommend that the request be denied.  *See, e.g.*, *Phelps v. Kimbrell*, No. 3:23-cv-301-BJD-JBT, 2023 WL 6621077, at *1 (M.D. Fla. Oct. 11, 2023) ("[T]he Court is aware of no Rule that would entitle Plaintiff to a refund of the filing fee, which he paid in full, simply because his action was dismissed.  On the contrary, under the United States Code, the clerk's collection of a civil filing fee is dependent on the filing of an action, not its disposition . . . .  District courts generally deny requests for refunds of filing fees properly collected under [28 U.S.C.] § 1914(a)." (citations omitted)); *Dominic v. Goldman*, No. 2:21-cv-394-SPC-NPM, 2021 WL 2376704, at *1 (M.D. Fla. June 10, 2021) ("Fee-paying litigants are not entitled to refunds simply because a case is dismissed or plaintiff chooses to stop prosecuting the action." (citations omitted)).

Accordingly, the undersigned respectfully **RECOMMENDS** that based on

Plaintiff's Request (Doc. No. 20) construed as voluntary dismissal, the case be **DISMISSED without prejudice**, and the Clerk of Court be **DIRECTED** to close the file.  Fed. R. Civ. P. 41(a)(1)(A)(i).   The undersigned further **RECOMMENDS** that the Request (Doc. No. 20) be **DENIED in all other respects**.

## NOTICE TO PARTIES

A party has fourteen days from the date the Report and Recommendation is served to serve and file written objections to the Report and Recommendation's factual findings and legal conclusions.  Failure to serve written objections waives that party's right to challenge on appeal any unobjected-to factual finding or legal conclusion the district judge adopts from the Report and Recommendation.   11th Cir. R. 3-1.

Recommended in Orlando, Florida on March 21, 2025.

_Leslie Hoffman Price_
LESLIE HOFFMAN PRICE
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Parties


Copies furnished to:

Counsel of Record

- 4 -

Unrepresented Parties